**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————X
JERRY CHOE,
individually and on behalf of all others
similarly situated,

                                **Case No.: 25-cv-04923**

           Plaintiff,

              v.

TD BANK, N.A.; and

Consumer Financial Protection Bureau,
Office of the Comptroller of the Currency,
New York State Department of Financial Services,
New York Attorney General,

              Defendants.

————————————————X

**CLASS ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

**INTRODUCTION**

  1. Plaintiff Jerry Choe ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), brings this action against TD Bank, N.A. ("TD Bank" or "Defendant") for systematic and unlawful termination of banking relationships under a policy internally referred to as "de-marketing."

  2. Plaintiff alleges that TD Bank's de-marketing policy, which results in the closure of deposit accounts, lines of credit, merchant services, and other financial products based solely on affiliation with other account holders, violates multiple federal and state laws, including but not limited to the Equal Credit Opportunity Act (15 U.S.C. § 1691 et seq.), the Dodd-Frank Act (12

U.S.C. § 5531 et seq.), the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), the Truth in

Lending Act (15 U.S.C. § 1601 et seq.), the Electronic Fund Transfer Act (15 U.S.C. § 1693 et

seq.), the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801–6809), and New York Executive Law §

296-a.

3. Plaintiff seeks compensatory and punitive damages, injunctive relief, attorneys' fees, and all

other relief deemed just and proper. In addition, Plaintiff seeks mandamus relief against the

Consumer Financial Protection Bureau (CFPB) and the Office of the Comptroller of the

Currency (OCC) under 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling these federal

agencies to perform their nondiscretionary statutory duties to investigate and take enforcement

action regarding TD Bank's de-marketing practices.

Plaintiff also seeks mandamus relief under CPLR Article 78 against the New York State

Department of Financial Services (DFS) and the New York Attorney General (NYAG),

compelling these state agencies to fulfill their statutory duties to investigate and enforce New

York banking and consumer protection laws in connection with TD Bank's conduct.


**JURISDICTION AND VENUE**

- **Subject Matter Jurisdiction:**

4. **Federal Question Jurisdiction:** This Court has jurisdiction under **28 U.S.C. § 1331**, as the

action arises under federal laws, including the **Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801–**

**6809)**, the **Dodd-Frank Act (12 U.S.C. § 5531 et seq.)**, the **Fair Credit Reporting Act (15**

**U.S.C. § 1681 et seq.)**, the **Truth in Lending Act (15 U.S.C. § 1601 et seq.)**, the **Electronic**

**Fund Transfer Act (15 U.S.C. § 1693 et seq.)**, and the **Equal Credit Opportunity Act (15**

**U.S.C. § 1691 et seq.)**

**Mandamus Jurisdiction:** Pursuant to **28 U.S.C. § 1361**, this Court has original jurisdiction over actions in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. This applies to the claims against the **Consumer Financial Protection Bureau (CFPB)** and the **Office of the Comptroller of the Currency (OCC)**.

o **Supplemental Jurisdiction:** Under **28 U.S.C. § 1367(a)**, the Court has supplemental jurisdiction over state law claims that are so related to the federal claims that they form part of the same case or controversy.

- **5. Venue:**

o Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the **New York State Department of Financial Services (DFS)** and the **New York Attorney General (NYAG)** are located within this District.

## PARTIES

6. Plaintiff Jerry Choe is an individual and was a business account holder with TD Bank, residing in New York, who was subjected to the de-marketing policy.

7. Defendant TD Bank, N.A. is a national banking association with its principal place of business in Cherry Hill, New Jersey, operating branches throughout New York and the United States.

8. Defendant Consumer Financial Protection Bureau ("CFPB") is an independent agency of the United States government, headquartered in Washington, D.C., responsible for supervising financial institutions and enforcing federal consumer financial protection laws, including those applicable to TD Bank, N.A.

9. Defendant Office of the Comptroller of the Currency ("OCC") is an independent bureau of the United States Department of the Treasury, headquartered in Washington, D.C., responsible for chartering, regulating, and supervising national banks and federal savings associations, including TD Bank, N.A.

10. Defendant New York State Department of Financial Services ("DFS") is a state regulatory agency headquartered in New York, New York, responsible for supervising and enforcing New York banking and financial services laws, including oversight of TD Bank's operations within New York State.

11. Defendant New York Attorney General ("NYAG") is the chief legal officer of the State of New York, with offices in Albany and New York City, charged with enforcing state laws, including those governing consumer protection and fair lending, and with authority to investigate and prosecute violations by financial institutions operating in New York.

**FACTUAL ALLEGATIONS**

12. TD Bank, through its de-marketing policy, arbitrarily closed all of Plaintiff's, and Class Members', accounts and account of all affiliated persons or entities and terminated its all its relationships, accounts, lines of credit, a merchant services, without warning, justification, or opportunity to respond.

13. TD Bank applied this policy to Plaintiff and all affiliated entities simultaneously, interfering with established third-party relationships and causing catastrophic business losses. Plaintiff's merchant services account were interrupted without proper notice, preventing the processing of

credit card transactions and causing severe cash flow disruptions.

No written notice of termination was provided, in violation of 15 U.S.C. § 1691(d)(1) (ECOA adverse action notice requirement) and 15 U.S.C. § 1681m(a) (FCRA adverse action notice requirement).

14. Plaintiff suffered catastrophic losses exceeding $800,000, including the collapse of customer relationships, inability to pay vendors and employees, and destruction of business operations, knowing customers relied on the continued availability of account services.

15. TD Bank's actions were arbitrary, unjustified, and not based on any financial risk, fraud, or irregular activity, but solely on affiliation with other account holders.  TD Bank failed to disclose the existence or likelihood of de-marketing at any point prior to termination, despite knowing of this possibility.

16. TD Bank's de-marketing policy is executed without individualized assessment or procedural safeguards, in violation of 12 U.S.C. § 5531 (Dodd-Frank UDAAP provisions) and 15 U.S.C. § 1691(a) (ECOA discrimination prohibition).


**CLASS ALLEGATIONS**

17. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons or entities in the United States whose accounts or services with TD Bank were closed, suspended, or denied renewal based on their association with another person or entity under TD Bank's de-marketing or equivalent policy from 2000 to the present.

18. The Class is so numerous that joinder is impracticable. The identities of class members can be determined through TD Bank's records.

19. Common questions of law and fact include:

a. Whether TD Bank had a uniform policy of closing affiliated accounts without individualized risk assessment;

b. Whether TD Bank's actions violated 15 U.S.C. §§ 6801–6809 (GLBA), 12 U.S.C. § 5531 et seq. (Dodd-Frank UDAAP), 15 U.S.C. § 1681 et seq. (FCRA), 15 U.S.C. § 1601 et seq. (TILA), 15 U.S.C. § 1693 et seq. (EFTA), 15 U.S.C. § 1691 et seq. (ECOA), and New York Executive Law § 296-a;

c. Whether TD Bank breached contractual obligations or acted in bad faith;

d. Whether Plaintiff and Class Members are entitled to damages and injunctive relief.

**TD BANK'S PRIOR REGULATORY VIOLATIONS**

20. TD Bank has a history of regulatory violations, including:

a. In 2024, the Consumer Financial Protection Bureau (CFPB) ordered TD Bank to pay $28 million for illegal banking practices.

b. In 2024, the Office of the Comptroller of the Currency (OCC) issued a $450 million penalty and a cease-and-desist order for deficiencies in Bank Secrecy Act and anti-money laundering compliance.

c. TD Bank pleaded guilty to criminal violations of the Bank Secrecy Act and money laundering conspiracy, agreeing to pay over $1.8 billion in penalties.

21. These enforcement actions demonstrate a pattern of institutional misconduct relevant to the claims herein.

**CAUSES OF ACTION**

**Count I – Violation of the Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. §§ 6801–6809**

22. The Gramm-Leach-Bliley Act (GLBA), codified at 15 U.S.C. §§ 6801–6809, establishes requirements for financial institutions to protect the privacy and security of their customers' nonpublic personal information. Specifically, 15 U.S.C. § 6801(a) articulates a clear policy:

> "It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."

This provision underscores the duty of financial institutions, such as TD Bank, to safeguard confidential customer information and restrict internal misuse.

23. Regarding the allegation that TD Bank used internal knowledge of affiliated account holders to coordinate broad closures across multiple entities, such conduct could potentially violate the GLBA's provisions. For instance, 15 U.S.C. § 6802 prohibits the disclosure of non-public personal information to non-affiliated third parties without the customer's consent, unless certain exceptions apply. If TD Bank utilized internal knowledge of affiliated account holders in a manner that led to unauthorized disclosures or misuse of nonpublic personal information, it may have breached the GLBA's privacy and security requirements.

24. Additionally, the Safeguards Rule, implemented under the GLBA, requires financial institutions to develop, implement, and maintain an information security program that includes administrative, technical, and physical safeguards to protect customer information. Any failure by TD Bank to maintain such safeguards, especially if it resulted in unauthorized access or misuse of customer information, could further constitute a violation of the GLBA.

In summary, if TD Bank's actions involved the unauthorized use or disclosure of nonpublic

personal information, or a failure to implement adequate safeguards, these actions may constitute

violations of the Gramm-Leach-Bliley Act.


**Count II – Violation of the Dodd-Frank Act: Unfair, Deceptive, or Abusive Acts or**

**Practices (UDAAP), 12 U.S.C. § 5531 et seq.**

25. TD Bank engaged in unfair and abusive acts and practices by closing accounts and

terminating services without justification or proper notice, in violation of 12 U.S.C. § 5531(a)

and (c).

| 12 U.S.C. § 5531 (Dodd-Frank UDAAP) | "The Bureau may take any action ... to prevent a
covered person ... from committing or engaging in an unfair, deceptive, or abusive act or practice
..." |

26. These practices caused substantial injury to consumers, were not reasonably avoidable,

and had no countervailing benefit, as prohibited by 12 U.S.C. § 5531(c).


**Count III – Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.**

27. TD Bank used or furnished inaccurate consumer credit data in connection with account

closures, without proper notification or dispute opportunity, in violation of 15 U.S.C. § 1681s-

2(a) and § 1681m(a).


**Count IV – Breach of Contract**

28. TD Bank entered into written agreements with Plaintiff and Class Members for deposit,

credit, and merchant services.

29. TD Bank breached those agreements by arbitrarily terminating services without cause or notice, contrary to express and implied terms.

**Count V – Breach of Implied Covenant of Good Faith and Fair Dealing**

30. Every contract contains an implied covenant of good faith and fair dealing.

31. TD Bank breached this covenant by acting arbitrarily and with intent to deprive customers of the benefit of their agreements.

**Count VI – Violation of New York Executive Law § 296-a**

32 TD Bank discriminated in the extension or continuation of credit based on improper, non-financial criteria, in violation of New York Executive Law § 296-a(1)(b).

**Count VII – Negligence**

33. TD Bank owed a duty to Plaintiff and Class Members to provide reasonable notice before terminating essential financial services.

34. TD Bank breached that duty, causing foreseeable harm including over $800,000 in losses and the destruction of Plaintiff's business.

**Count VIII – Fraudulent Omission**

35. TD Bank knew it maintained a de-marketing policy but failed to disclose this material fact to customers.

36. TD Bank had exclusive knowledge of this risk and intentionally concealed it to induce

continued reliance on its services.

37. Plaintiff and Class Members relied on the bank's silence and suffered damages.

## Count IX – Violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.

38. TD Bank is a creditor within the meaning of 15 U.S.C. § 1602(g).

39. TD Bank's sudden acceleration of commercial notes and withdrawal of merchant services constituted adverse actions governed by 15 U.S.C. § 1637(a) and Regulation Z, 12 C.F.R. § 1026.9(c).

40. Defendant failed to properly disclose material terms of acceleration and closure rights in the credit contracts, or exercised such rights in a manner contrary to disclosed terms, in violation of 15 U.S.C. § 1637(a) and 12 C.F.R. § 1026.9(c).

| 15 U.S.C. § 1601 (TILA) | "It is the purpose of this subchapter to assure a meaningful disclosure of credit terms ..." |

41. Defendant failed to notify Plaintiff and the Class of their rights and obligations as required under TILA and Regulation Z.

## Count X – Violation of the Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693 et seq. and Regulation E, 12 C.F.R. § 1005.11

42. TD Bank was aware of Plaintiff's pre-authorized electronic fund transfers to and from affiliated vendors and customers.

43. By closing accounts without providing adequate notice and blocking pending transfers, TD Bank violated its obligations under 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11.

| 15 U.S.C. § 1693 (EFTA) | "The primary objective of this subchapter, therefore, is the provision of individual consumer rights." |

44. TD Bank failed to provide Plaintiff an opportunity to resolve failed payments or errors, in violation of 12 C.F.R. § 1005.11.

**Count Violation of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 et seq.**

45. Plaintiff and Class Members were denied or terminated from credit relationships based on arbitrary and non-financial criteria, in violation of 15 U.S.C. § 1691(a).

46. TD Bank failed to provide written notice of adverse actions as required by 15 U.S.C. § 1691(d)(1). | 15 U.S.C. § 1691(d) (ECOA) | "Within thirty days ... the creditor shall provide a statement of reasons for such action to the applicant, in writing ..." |

47. These practices constitute unlawful discrimination in credit transactions.

48. TD Bank used internal knowledge of affiliated account holders to coordinate broad closures across multiple entities, potentially resulting in unauthorized disclosures or misuse of nonpublic personal information, in violation of 15 U.S.C. § 6802(a).

| 15 U.S.C. § 6801 (GLBA) | "It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers ..." |

49. TD Bank failed to implement adequate safeguards as required by 15 U.S.C. § 6801(b) and the Safeguards Rule.

**Count XII – Unjust Enrichment**

50. TD Bank has been unjustly enriched by retaining funds, fees, and financial benefits derived from Plaintiff and Class Members whose accounts and services were terminated without cause or lawful justification.

51. The benefits TD Bank received were at the direct expense of Plaintiff and Class Members, who lost access to banking services, had funds frozen or diverted, and suffered commercial harm.

52. It would be inequitable and unconscionable for TD Bank to retain the benefits conferred by Plaintiff and Class Members without providing restitution.

**Count XIII – Civil Conspiracy**

53. TD Bank's de-marketing campaign involved coordinated conduct among multiple internal departments to collectively target groups of affiliated account holders without individualized analysis or lawful justification.

54. This coordinated conduct constitutes a civil conspiracy to commit tortious acts, including breach of contract, breach of fiduciary duty, and interference with business relationships.

55. As a direct result of the conspiracy, Plaintiff and Class Members suffered financial, reputational, and operational damage.

**Count XIV – Petition for Writ of Mandamus (5 U.S.C. § 706; 28 U.S.C. § 1361) – Federal Agencies**

56. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

57. Plaintiff and Class Members seek relief in the nature of mandamus pursuant to 28 U.S.C. §

1361 and 5 U.S.C. § 706(1), which authorize a federal court to compel an officer or agency of the United States to perform a nondiscretionary duty owed to a plaintiff.

58. The Consumer Financial Protection Bureau ("CFPB") and the Office of the Comptroller of the Currency ("OCC") are the primary federal regulators of TD Bank, N.A., and are charged with the supervision, investigation, and enforcement of federal consumer financial protection laws, including but not limited to the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801–6809), Dodd-Frank Act (12 U.S.C. § 5531 et seq.), the Equal Credit Opportunity Act (15 U.S.C. § 1691 et seq.), and the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.).

- **TD Bank, N.A.** is a **national bank** (the "N.A." stands for "National Association").

- The **OCC** charters, regulates, and supervises **all national banks**.

- The OCC is responsible for enforcing compliance with **GLBA privacy provisions**, including:

  - **15 U.S.C. § 6801** – Protection of nonpublic personal information
  - **15 U.S.C. § 6802** – Limitations on sharing customer information
  - **Safeguards Rule** – Security programs to protect customer data

Regarding the Consumer Financial Protection Bureau,

- **12 U.S.C. § 5531** grants the **CFPB exclusive authority** to:
  - Identify and prohibit **unfair**, **deceptive**, or **abusive** acts or practices (**UDAAPs**).
  - Enforce consumer financial protection laws against **banks**, **non-banks**, and **service providers**.
  -
- CFPB is specifically empowered to bring civil enforcement actions, supervisory actions, or administrative proceedings under Dodd-Frank.

- **12 U.S.C. § 5531(b)**:

  The Bureau may take any action...to prevent a covered person or service provider from committing or engaging in an unfair, deceptive, or abusive act or practice.

- **12 U.S.C. § 5536(a)**:

It is unlawful for any covered person or service provider to offer or provide any consumer financial product or service not in conformity with federal consumer financial law, including UDAAP prohibitions.

Since **TD Bank, N.A.** offers consumer financial products (checking, savings, merchant services, credit lines), the **CFPB has direct enforcement authority** under Dodd-Frank for:

- Account closures without notice or explanation;
- Discriminatory or systemic "de-marketing" of customers;
- Misuse of confidential consumer data;
- Failure to provide accurate adverse-action notices.

59. 28 U.S.C. § 1361 provides: **"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."**

60. 5 U.S.C. § 706(1) provides: **"The reviewing court shall ... compel agency action unlawfully withheld or unreasonably delayed."**

61. The Dodd-Frank Act, 12 U.S.C. § 5531(a), provides: **"The Bureau may take any action authorized under part E to prevent a covered person or service provider from committing or engaging in an unfair, deceptive, or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service."**

62. The Equal Credit Opportunity Act, 15 U.S.C. § 1691c(a)(1)(A), provides: **"The Bureau shall enforce the requirements imposed under this subchapter with respect to any person subject to the jurisdiction of the Bureau."**

63. The Fair Credit Reporting Act, 15 U.S.C. § 1681s(a)(1), provides: **"The Bureau shall be responsible for the enforcement of this subchapter with respect to any person subject to the**

**jurisdiction of the Bureau."**

64. The OCC is charged with the supervision and enforcement of national banks under 12 U.S.C. § 1 et seq. and has authority to investigate and take enforcement action against unsafe or unsound banking practices.

65. Plaintiff and Class Members have been aggrieved by the inaction or failure of the CFPB and OCC to perform their nondiscretionary statutory duties to investigate and take enforcement action against TD Bank's de-marketing policy and associated violations of federal law.

66. Despite clear indications of systemic misconduct—including mass account closures, lack of due process, and discriminatory practices—the CFPB and OCC have failed to act in a manner commensurate with the severity of the alleged violations.

67. Plaintiff therefore seeks an order pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) directing the CFPB and OCC to exercise their enforcement authority by opening investigations, issuing subpoenas, and, where appropriate, commencing civil or administrative actions against TD Bank for violations of federal law, including but not limited to 12 U.S.C. § 5531 et seq. (Dodd-Frank UDAAP), 15 U.S.C. § 1691 et seq. (ECOA), and 15 U.S.C. § 1681 et seq. (FCRA).

68. Under 5 U.S.C. § 706(1) and 28 U.S.C. § 1361, a federal court may compel an officer or agency of the United States to perform a nondiscretionary duty owed to a plaintiff.

69. Plaintiff and Class Members have been aggrieved by the inaction or failure of responsible regulatory agencies to enforce existing statutory duties under federal consumer protection laws.

70. Plaintiff seeks a writ of mandamus compelling the Consumer Financial Protection Bureau (CFPB) and the Office of the Comptroller of the Currency (OCC)—the primary federal regulators of TD Bank, N.A.—to investigate and take enforcement action against TD Bank's de-marketing policy, pursuant to their statutory authority under:

- 12 U.S.C. § 5531 et seq. (Dodd-Frank UDAAP),

- 15 U.S.C. § 1691 et seq. (ECOA),

- 15 U.S.C. § 1681 et seq. (FCRA),

- and other applicable statutes.


71. These agencies are obligated to prevent unfair, deceptive, or abusive acts or practices and to ensure that covered persons, such as TD Bank, comply with federal financial laws.

72. Despite clear indications of systemic misconduct—including massive closures, lack of due process, and discriminatory practices—the relevant agencies have failed to act in a manner commensurate with the severity of the alleged violations.

**Count XV – Petition for Writ of Mandamus (CPLR Article 78) – New York State Agencies**

73. The New York State Department of Financial Services ("DFS") and the New York Attorney General ("NYAG") are charged with the supervision, investigation, and enforcement of New York banking and consumer protection laws.

74. New York Banking Law § 39(1) provides: **"Whenever it shall appear to the superintendent that any banking organization ... is conducting its business in an unsafe or unsound manner or is violating any law, rule or regulation ... the superintendent may issue an order directing the discontinuance of such unsafe or unsound practices or violations."**

75.New York Banking Law § 44(1) provides: **"The superintendent may, in his or her discretion, take possession of the business and property of any banking organization whenever it shall appear that such banking organization ... has violated any law ... or is conducting its business in an unauthorized or unsafe manner."**

76. New York Executive Law § 63(12) provides: **"Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the attorney general may apply ... for an order enjoining the continuance of such business activity or of any fraudulent or illegal acts, directing restitution and damages, and for such other relief as the court may deem just and proper."**

77.Despite clear indications of systemic misconduct—including massive closures, lack of due process, and discriminatory practices—the relevant agencies have failed to act in a manner commensurate with the severity of the alleged violations regarding TD Bank's de-marketing practices, which have resulted in arbitrary and discriminatory termination of banking services to consumers and businesses in New York.

78. DFS and the NYAG have failed to timely investigate, commence enforcement proceedings, or take appropriate action to halt TD Bank's unlawful de-marketing practices, as required by their statutory mandates.

79. DFS and the NYAG owe a clear legal duty to enforce New York Banking Law §§ 39 and 44 and Executive Law § 63(12) to protect the public from unsafe, unsound, or abusive banking practices and to prosecute persistent fraud or illegality.

60. Plaintiff and Class Members have been aggrieved by the inaction or failure of DFS and the NYAG to perform their nondiscretionary statutory duties.

80. Plaintiff therefore seeks an order pursuant to CPLR Article 78 directing DFS and the NYAG to exercise their enforcement authority by opening investigations, issuing subpoenas, and, where appropriate, commencing civil or administrative actions against TD Bank for violations of New York law, including but not limited to Banking Law §§ 39, 44 and Executive Law § 63(12)..

81. Plaintiff also seeks mandamus relief compelling the New York State Department of Financial Services (DFS) to investigate TD Bank's conduct for violations of New York Executive Law § 296-a, which prohibits credit discrimination.

82. DFS is the designated supervisory authority for banking and consumer protection laws in New York State and is charged with enforcing fair lending statutes and protecting the public from unlawful financial practices.

83. The relief sought is necessary to enforce the clear, ministerial duties of these agencies to investigate and address ongoing consumer harms, where agency inaction has resulted in substantial injury and deprivation of legal rights.

84. Plaintiff therefore seeks an order directing DFS and the NYAG to exercise their enforcement authority by opening investigations, issuing subpoenas, and, where appropriate, commencing civil or administrative actions against TD Bank.

85. Mandamus under Article 78 is appropriate because DFS and the NYAG owe a clear legal duty to enforce the laws of New York that protect consumers and businesses from arbitrary termination of banking services.

86. Despite receiving consumer complaints and public regulatory findings, DFS and the NYAG have failed to timely investigate or commence enforcement proceedings to halt TD Bank's unlawful de‑marketing practices.

87. TD Bank conducts substantial banking business in New York and is subject to DFS supervision and NYAG enforcement authority.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Certify the proposed Class and appoint Plaintiff and their counsel as representatives;

B. Declare that TD Bank's conduct is unlawful and violates federal and state law;

C. Award compensatory damages to Plaintiff and Class Members, including lost revenue and business losses;

D. Award punitive damages for grossly negligent or willful misconduct;

E. Grant injunctive relief prohibiting TD Bank from continuing its de-marketing practices without due process;

F. Award attorneys' fees and costs;

G. Grant such other relief as the Court deems just and proper.

H. Issue a writ of mandamus compelling the CFPB, OCC, and NYAG and NYDFS to investigate and take enforcement action against TD Bank's systemic de-marketing practices and associated statutory violations.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**REQUEST FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff respectfully moves this Court for the issuance of a preliminary injunction prohibiting TD Bank, its agents, employees, and all persons acting in concert with it, from continuing its unlawful de-marketing campaign or taking any further adverse actions against customers based on affiliation with other account holders, without:

(a) providing prior written notice that clearly identifies the reason(s) for proposed account closure or service termination;

(b) offering the affected customer a reasonable opportunity to respond, dispute, or cure the basis for the action;

(c) conducting an individualized risk-based assessment of each customer relationship rather than blanket closure of affiliated accounts;

(d) safeguarding customer funds and maintaining the ability to conduct necessary business operations during the resolution period.

Plaintiff submits that such relief is necessary to prevent imminent and irreparable harm to

Class Members who continue to suffer account closures without cause or legal justification, and for which monetary damages are inadequate to redress lost customer trust, reputational damage, and commercial disruptions.

Dated: June 11, 2025

Respectfully submitted,

JERRY CHOE
5 E 22nd St
New York, NY 10010
917-880-5888
jerrychoeesq@gmail.com